FILED
January 21, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **NIUSKA CAROLINA VILARO PINA,** | § | |
| **Petitioner,** | § | |
| v. | § | **NO. SA-26-CV-95-OLG** |
| **TODD M. LYONS, Acting Director of U.S. ICE**, *et al.*, | § | |
| **Respondents.** | § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Niuska Carolina Vilaro Pina's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Dkt. No. 1.) Respondents have responded (Dkt. No. 5), and Petitioner has replied (Dkt. No. 6).

The relevant facts in this case are not in dispute. Petitioner is a citizen of Venezuela who entered the United States without inspection in 2022. (*See* Dkt. No. 1 ¶¶ 13–14.) This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond hearing before an immigration judge. (*See* Dkt. No. 1 ¶¶ 20–21, 24; Dkt. No. 5 at 3–4; Dkt. No. 6 at 2–3.)

Having already resolved this question against Respondents' position in other habeas cases, the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. (Dkt. No. 2.) On January 20, 2026, Respondents filed an abbreviated response, advising that "the common question of law between this case and those rulings would control the result in this case

should this Court follow its legal reasoning in its prior decisions." (Dkt. No. 5 at 2.) As such, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days. *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4, 2025); *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *see also Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025); *Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18, 2025).[1]

Petitioner Niuska Carolina Vilaro Pina's Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release her. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

Any non-habeas claims are **DISMISSED WITHOUT PREJUDICE**. *See Ndudzi v. Castro*, No. SA-20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief.").

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on January 21, 2026.

ORLANDO L. GARCIA
United States District Judge

---

[1] Although she does not expressly present a statutory-based claim, Petitioner's allegations are sufficient for the Court to grant habeas relief based on Respondents' violation of the INA (*see* Dkt. No. 1 ¶¶ 21–22, 24 (alleging, inter alia, that her "detention violated the Immigration and Nationality Act")).